# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC.<br><br>  Plaintiff,<br><br>v.<br><br>AKOUSTIS TECHNOLOGIES, INC., *et al.*,<br><br>  Respondents. | Case No. 25-00006 (GBW) |

**JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTORS' REPLY TO QORVO'S MOTION TO WITHDRAW THE REFERENCE WITH RESPECT TO THE BIDDING PROCEDURES AND SALE MOTION**

The Official Committee of Unsecured Creditors (the "Committee") of Akoustis Technologies, Inc. ("Akoustis") and its affiliated debtors and debtors in possession (collectively with Akoustis, the "Debtors"), under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), before the Bankruptcy Court in the District of Delaware (the "Bankruptcy Court"), by and through its undersigned proposed counsel, hereby submits this joinder (the "Joinder") to the Debtors' objection (the "Debtors' Objection") to the *Motion to Withdraw the Reference with Respect to the Bidding Procedures and Sale Motion* (the "Motion to Withdraw the Reference") filed by Qorvo, Inc. ("Qorvo") in respect of the *Debtors' Motion of the Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Substantially all of the Debtors' Assets, (B) Authorizing the Debtors to Enter into the Stalking Horse Agreement and to Provide Bidding Protections Thereunder, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures, (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice thereof, and (F) Granting Related Relief; an and (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and*

*Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [D.I. 14] (the "Bid Procedures Motion").[1]  In support of the Debtors' Objection, the Committee joins in the Debtors' Reply and respectfully states as follows:

**Statement**

1. Although the Debtors' sale process, which was approved by the Bankruptcy Court less than one week ago, may implicate Qorvo's rights under the PI Order, Qorvo's hypothetical concerns do not justify the withdrawal of the reference to the District Court of the Debtors' sale process.  Had the Debtors not filed for chapter 11 protection, the Committee agrees that the District Court would be the proper forum to adjudicate any dispute with respect to a sale of the Debtors' assets and the implication of Qorvo's protection under the PI Order.  However, the Debtors filing of their petitions nearly one month ago fundamentally changed the nature of the dispute between Akoustis and Qorvo.  Namely, what was once a two-party conflict over trade secrets has become a multiparty endeavor to maximize the value of the Debtors' assets and make ratable distributions to their creditors.  Despite the fundamental change in circumstances, Qorvo seeks to return to that two-party fight between it and Akoustis in the District Court, ignoring the Debtors' bankruptcy and the interests of the Debtors' other creditors.

2. The Committee and the Debtors submit that the Bankruptcy Court is the proper forum for the Bid Procedures Motion – which was approved through an *agreed order* entered on Monday, January 13, 2025[2] – to be considered.  The Bankruptcy Code is, among other things,

---

[1] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion to Withdraw the Reference.

[2] *See*, *Order (I) Approving Bidding Procedures for the Sale of Substantially all of the Debtors' Assets, (II) Authorizing the Debtors to Enter into the Stalking Horse Agreement and to Provide Bidding Protections Thereunder, (III) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (IV) Approving Assumption and Assignment Procedures, (V) Scheduling a Sale Hearing and Approving the Form and Manner of Notice thereof, and (VI) Granting Related Relief; an and (VII) Granting Related Relief* [D.I. 176] ("Bid Procedures Order").

designed to sell assets of a debtor and to consider the rights of each of the parties-in-interest to such a sale. Here, in addition to a variety of unsecured trade creditors, the Debtors, a publicly traded company, issued $44 million of unsecured notes in June 2022. The treatment and potential repayment of all unsecured claims, including the unsecured notes, will depend heavily, if not entirely, on the Debtors' sale process. Therefore, the Bankruptcy Court is uniquely positioned and empowered by the Bankruptcy Code to consider the Bid Procedure Motion and any issues arising from it, including Qorvo's rights under the PI Order.

3. As such, the Committee joins in the Debtors' arguments as set forth in the Objection and respectfully requests that the Court deny the Motion to Withdraw the Reference and grant the Committee and the Debtors such other and further relief as the Court may deem just, proper and equitable.

## **RESERVATION OF RIGHTS**

The Committee reserves all rights to amend, modify or supplement this Joinder. The Committee further reserves the right to respond, as appropriate, to any filings related to the Motion to Withdraw the Reference that are filed in the future and to make arguments with regard to any other related filings.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: January 14, 2025<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Matthew B. Lunn*<br>Matthew B. Lunn (No. 4119)<br>Kara Hammond Coyle (No. 4410)<br>Jared W. Kochenash (No. 6557)<br>1000 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: mlunn@ycst.com<br>      kcoyle@ycst.com<br>      jkochenash@ycst.com<br><br>-and-<br><br>PAUL HASTINGS LLP<br>Gabriel E. Sasson (admitted *pro hac vice*)<br>Frank A. Merola (admitted *pro hac vice*)<br>Matthew D. Friedrick (admitted *pro hac vice*)<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: (212) 318-6000<br>Facsimile: (212) 319-4090<br>Email: gabesasson@paulhastings.com<br>      frankmerola@paulhastings.com<br>      matthewfriedrick@paulhastings.com<br><br>-and-<br><br>Matt Warren (admitted *pro hac vice*)<br>71 South Wacker Drive<br>Suite 4500<br>Chicago, IL 60606<br>Telephone: (312) 499-6000<br>Facsimile: (312) 499-6100<br>Email: mattwarren@paulhastings.com<br><br>*Proposed Co-Counsel to the Official Committee of Unsecured Creditors* |