K&L GATES

January 15, 2025

**VIA ELECTRONIC FILING**

Steven L. Caponi, Esq.
steven.caponi@klgates.com

T 302-416-7080

The Honorable Gregory B. Williams
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26, Room 6124
Wilmington, DE 19801-3555

**Re:** *In re Akoustis Technologies, Inc.*, C.A. No. 25-006-GBW (the "<u>Withdrawal Case</u>"), *In re Akoustis Technologies, Inc.*, 24-12796 (LSS) (the "<u>Bankruptcy Cases</u>"), & *Qorvo, Inc. v. Akoustis Techs., Inc.*, C.A. No. 21-1417 (JPM) (the "<u>IP Case</u>")

Dear Judge Williams:

I write on behalf of Akoustis Technologies, Inc. ("<u>Akoustis</u>") and its direct and indirect subsidiaries (collectively the "<u>Debtors</u>"),[1] in response to the letter (the "<u>Letter</u>")[2] to Your Honor from John W. Weiss on behalf of Qorvo, Inc. ("<u>Qorvo</u>"), dated January 15, 2025. It is unfortunate Qorvo has sowed confusion by blatantly "judge shopping" in an effort to obtain what it believes to be a more favorable venue for itself, potentially to the detriment of the Debtors, their estates,

---

[1] The Debtors commenced the Bankruptcy Cases under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") on December 16, 2024. The Debtors in the Bankruptcy Cases, along with their case numbers and the last four digits of each Debtor's federal tax identification number, are: Akoustis Technologies, Inc. (9046), Case No. 24-12796; Akoustis, Inc. (5617), Case No. 24-12797; Grinding and Dicing Services, Inc. (7929), Case No. 24-12798; and RFM Integrated Device Inc. (1138), Case No. 24-12799. The Debtors' cases are jointly administered under Case No. 24-12796.
[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Letter.

K&L GATES LLP
600 N. KING STREET   SUITE 901   WILMINGTON   DE 19801
T +1 302 416 7000  F +1 302 416 7020  klgates.com

and all of their creditors. I write to clarify and emphasize the Debtors' position that the Withdrawal Case is properly before Your Honor and only Your Honor at this time.

Qorvo asserts the Withdrawal Case "is related to [the IP Case] which is assigned to Judge McCalla … [and] Judge McCalla scheduled oral argument on the Motion to Withdraw for January 31, 2025." For cases to be "related," they must (a) arise from the same or substantially identical transactions, happenings, or events; (b) involve the same or substantially the same parties; (c) involve the same patent or trademark; or (d) entail substantial duplication of labor if heard by different judges. Local R. Civ. Prac. & P. 3.1(b). None of these factors exist here, which is likely why Qorvo did not identify the IP Case as a related case on its original cover sheet in the Withdrawal Case. [D.I. 1-3].

The Withdrawal Case is entirely distinct from the IP Case. Rather, the Motion to Withdraw raises only the issue of whether the Debtors' Bidding Procedures Motion (as defined in the Motion to Withdraw) should remain before Judge Silverstein as part of the Bankruptcy Cases. Such determination requires no consideration of intellectual property law or any matters previously litigated in the IP Case. And, conversely, the IP Case did not involve the Bidding Procedures Motion; it did not involve all of the parties in interest in the Bankruptcy Cases; the Debtors have not proposed to sell any infringing intellectual property by the Bidding

2

January 15, 2025

Procedures Motion; and the presiding court will engage in an entirely new analysis from anything Judge McCalla conducted as part of the IP Case.

Aside from being substantively defective, Qorvo's effort to have Judge McCalla resolve the Motion to Withdraw is procedurally prejudicial to significant stakeholders. The Bankruptcy Cases involve not only the Debtors that were defendants in the IP Case (*i.e.*, Akoustis Technologies, Inc. and Akoustis, Inc.), but also (a) two additional Debtors which were not parties in the IP Case (together, the "<u>Non-Party Debtors</u>") and (b) each of the Debtors' thousands of creditors (whose interests are now represented by the Official Committee of Unsecured Creditors (the "<u>UCC</u>")). By requesting the Motion to Withdraw be resolved in the IP Case, Qorvo is effectively seeking to preclude the participation of the Non-Party Debtors and the UCC—none of which are parties to the IP Case, but who have participated in the Withdrawal Case to date, with the Non-Party Debtors being named as respondents and the UCC having filed a joinder.

The unique interests of these additional parties, who have no interest in the IP Case, is precisely why the Withdrawal Case and IP Case are not "related." The only question presented by the Withdrawal Case is whether the reference should be withdrawn as it pertains solely to the Bankruptcy Court's approval of the Bidding Procedures Motion. This issue is clearly not part of the IP Case and never was.

Finally, with all due respect to Judge McCalla, the Withdrawal Case is not pending before him. It appears Qorvo is improperly attempting to circumvent the random case assignment procedures established in this jurisdiction to ensure Judge McCalla presides over the Withdrawal Case. Such actions are improper, potentially violative of the automatic stay, and have resulted in a convoluted record where the Debtors have two separate briefing schedules over the same motion pending before two different judges within the same District. Absent Qorvo's unnecessary correspondences with Judge McCalla, no such confusion would exist.

Despite Qorvo's actions, the Withdrawal Case is assigned to Your Honor. Qorvo appears to be seeking a transfer of venue or recusal of Your Honor without following the proper procedures—perhaps implicitly acknowledging that the issue is separate and distinct from the IP Case—to obtain a forum that is advantageous for itself to the potential detriment of other parties in interest. Qorvo is intentionally proceeding via a letter writing campaign versus motion practice precisely because a motion for recusal or transfer to Judge McCalla would be improper for the many reasons the Debtors can discuss if and when such a motion is filed.

The Debtors are ready to proceed before Your Honor in accordance with standard procedures and process, and Your Honor should not allow Qorvo to complicate and confuse the record simply to obtain a perceived litigation advantage.

If Your Honor has any questions, counsel for Akoustis is available at the Court's convenience.

Respectfully submitted,

*/s/ Steven L. Caponi*

Steven L. Caponi, Esq. (No. 3484)

cc: All counsel of record (via CM/ECF)